J-S20043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID SCOTT OAKES | : | |
| | : | |
| Appellant | : | No. 2927 EDA 2016 |

Appeal from the PCRA Order August 10, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002511-2011

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 18, 2017**

David Scott Oakes appeals *pro se*[1] the order entered August 10, 2016, in the Court of Common Pleas of Chester County, that dismissed his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. § 9541–9546.  Oakes seeks relief from the judgment of sentence to serve an aggregate term of imprisonment of 3 years and 8 months to 10 years, imposed after he entered an open plea to two counts of aggravated assault (graded as felonies of the second degree), one count of endangering the welfare of children (graded as a misdemeanor of the first degree), and

---

[1] Appointed counsel filed a ***Turner/Finley*** no-merit letter and a petition for leave to withdraw, which was granted by the PCRA court.  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

one count of corruption of minors (graded as a misdemeanor of the first degree).[2, 3]  Oakes contends "the failure of counsel to file for, or inform the appellant of, a reconsideration motion is part of a well[-]established pattern of ineffectiveness."  Oakes' Brief, at 1 (unnumbered).  Based upon the following, we affirm.

The PCRA court's opinion fully recounts the procedural history, and we need not reiterate it here.  **See** PCRA Opinion, 11/14/2016, at 1–4.

Briefly, we state that on September 4, 2012, the trial court sentenced Oakes, and no post-sentence motion or appeal was filed.  On May 9, 2016, Oakes filed a *pro se* "Motion to Modify Sentence *Nunc Pro Tunc*," which the PCRA court treated as a first PCRA petition.  Counsel was appointed and subsequently filed a petition for leave to withdraw and a **Turner/Finley** no-merit letter.  On July 20, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss based on the untimeliness of the petition, and granted Oakes 20 days to respond to the notice.  On August 4, 2016, Oakes filed a *pro se* response, entitled "Memorandum to the Court."  On August 10, 2016, the PCRA court dismissed Oakes' petition on the grounds of untimeliness, and allowed PCRA counsel to withdraw.  This *pro se* appeal followed.

---

[2] 18 Pa.C.S. §§ 3125(a), 4304, 6301(a)(1), respectively.

[3] The trial court determined Oakes was not a Sexually Violent Predator.

On September 12, 2016, the PCRA court issued an order directing Oakes to file within 21 days a concise statement pursuant to Pa.R.A.P. 1925(b). Oakes failed to comply with the PCRA court's order, and the PCRA court found that the issues on appeal had been waived. *See* PCRA Court Opinion, 11/14/2016, at 15, *citing* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Nonetheless, the PCRA court addressed the claim raised in Oakes' PCRA petition in the event that this Court "should conclude that the text of [Oakes'] Notice of Appeal constitutes his Concise Statement." PCRA Court Opinion, 11/14/2016, at 15. The PCRA court recognized that Oakes' notice of appeal does set forth the arguments that form the basis of his appeal. To the extent that Oakes' notice of appeal may be regarded as his concise statement, we likewise review his appeal.

> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment

- 3 -

becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the event a PCRA petition is filed beyond the one year time limit, there are three statutory exceptions that permit review of an untimely PCRA petition. Specifically, to overcome the timeliness requirements, a petitioner must plead and prove one of the following exceptions:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Oakes' judgment of sentence became final for PCRA purposes on October 4, 2012, 30 days after sentencing, when the time for filing a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a) (30 day appeal period). As such, the present petition, filed May 9, 2016 — over

- 4 -

three and one-half years after the judgment became final — is patently untimely unless Oakes has satisfied one of the three statutory exceptions stated above. Oakes has failed to do so here.

In his brief, Oakes argues plea counsel was ineffective in failing to file for, or inform him of, a motion for reconsideration of sentence. Oakes concludes:

> Having demonstrated the reasonableness of entering a reconsideration motion and a pattern of ineffectiveness the defendant argues not specifically that a failure to file for a motion of reconsideration represents ineffectiveness of counsel but the *failure to inform* the defendant of this basic and perfunctory motion and his option to have his sentence potentially reduced by it[s] use, does. The defendant cannot avail himself of legal alternatives if he is not aware of their existence. Counsel has the responsibility to inform his client of basic information and alternatives that can affect his length of incarceration. Failure to perform this constitutes ineffectiveness of counsel. The defendant should not be time barred from access to a PCRA petition that he could not possibly use due to a personal lack of legal expertise and knowledge combined with the failure of counsel to exercise due diligence. It is our position, for all the foregoing reasons, that then defendant's appeal has merit.

Oakes' Brief at 5-6 (unnumbered) (italics in original).

A similar claim was set forth by Oakes in his August 4, 2016 "Memorandum to the Court," which he filed in response to the PCRA court's 907 notice. The PCRA judge, the Honorable Anthony A. Sarcione, in his Rule 1925(a) opinion, explained Oakes' PCRA petition was untimely because:

> [Oakes'] claim that he 'should not be time barred from access to a PCRA petition that he could not possibly use due to a personal lack of legal expertise and knowledge,' in light of what he alleges is a meritorious claim of ineffective assistance of counsel, is not

a recognized exception to the PCRA timeliness requirements of 42 Pa.C.S.A. § 9545(b)(1). [Oakes] did not explain why he could not have filed his Motion to Modify Sentence *Nunc Pro Tunc* prior to the expiration of three (3) years and seven (7) months from the date his Judgment of Sentence became final. It did not take any particular legal expertise or knowledge for him to file it when he did, on May 9, 2016. The question is why didn't he file it earlier.

PCRA Court Opinion, 11/14/2016, at 5. The PCRA court proceeded to an in-depth discussion of Oakes' claim in light of the statutory exceptions. ***See id.*** at 6-24. The PCRA court ultimately determined:

Because [Oakes] has failed to timely plead or prove any one of the exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1) to the PCRA's one (1) year filing deadline, [Oakes'] first PCRA petition is untimely and neither this Court nor any other Pennsylvania Court has jurisdiction to entertain his claims, regardless of whether any of them have substantive merit.

PCRA Opinion, 11/14/2016, at 24 (citations omitted). Our review confirms the PCRA court's analysis.

Oakes' claim that plea counsel was ineffective in failing to file for, or inform him of, a motion for reconsideration does not fall within any of the statutory exceptions. First, the PCRA provides that, "for purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4). Therefore, Oakes' claim does not fall within the "governmental interference exception. 42 Pa.C.S. § 9454(b)(1)(i). Second, it is well settled that "a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]." ***Commonwealth***

*v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Therefore, Oakes' claim does not satisfy the newly-discovered fact exception. 42 Pa.C.S. § 9545(b)(1)(ii). Finally, Oakes' ineffectiveness claim does not implicate the PCRA's exception for a newly recognized constitutional right that applies retroactively. 42 Pa.C.S. § 9545(b)(1)(iii).

In addition to Oakes' failure to plead and prove the applicability of an exception set forth in Section 9545(b)(1), he has failed to prove his petition was "filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S. § 9545(b)(2). Oakes' contention that his lack of legal expertise prevented him from discovering his claims is belied by the record that shows he was advised on the record at sentencing of his post-sentence rights, and he offers no explanation as to why he did not raise his present claim until May 9, 2016.

In light of Judge Sarcione's comprehensive, 25-page opinion, no further discussion is warranted by this Court. Accordingly, we affirm the PCRA court's order that dismissed Oakes' first PCRA petition on the basis that it is untimely and meets no exception to the PCRA timeliness requirement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017